## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

**ROBERT W. NORMAN, JR.,**

       Plaintiff,

                               **Case No.** 3: 11-CV-208

vs.

**ALLIED INTERSTATE, INC.,**

       Defendant.

---

## COMPLAINT SEEKING DAMAGES FOR DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, BANKRUPTCY AUTOMATIC STAY, AND BANKRUPTCY DISCHARGE INJUNCTION

---

## INTRODUCTION

1.      This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with their efforts to collect a debt discharged in the Plaintiff's bankruptcy. Defendant's conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq; the bankruptcy automatic stay, 11 U.S.C. § 362(a); and the bankruptcy discharge injunction, 11 U.S.C. § 524.

2.      This action is also filed to enforce the Order of Discharge previously entered by the United States Bankruptcy Court for the Eastern District of Tennessee entered in Plaintiff's bankruptcy case.

1

## SUBJECT MATTER JURISDICTION

3.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337 (federal question jurisdiction).

4.      This Court has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

5.      It is acknowledged by Plaintiff that the Order entered by the Judges of the United States District Court for the Eastern District of Tennessee on July 13, 1984 (the Referral Order), which was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984, refers proceedings arising in or related to a case under title 11 to the bankruptcy judge for this district.  In light of this fact, Plaintiff also contends that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Plaintiff has elected to consolidate all causes of action into one Complaint in respect of and conservation of judicial resources.

6.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES AND PERSONAL JURISDICTION

7.      Plaintiff is resident of this State, District and Division who is authorized by law to bring this action.

8.      Defendant, Allied Interstate, Inc. is a for-profit corporation organized under the laws of the State of Minnesota, (Hereinafter said Defendant is referred to as "Allied" or

2

"Defendant".)

9.      Allied is subject to the jurisdiction and venue of this Court.

10.     Allied may be served by personal service upon its registered agent, to wit:  CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929.

11.     Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

12.     On February 3, 2010, the Plaintiff sought protection from his creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Tennessee.

13.     In the schedules filed with the petition in his bankruptcy case and on the master mailing matrix filed with the Clerk of the Bankruptcy Court, an unsecured debt was listed in favor of Allied Interstate, Inc. ("Allied") for the collection of a GE Money Bank/Wal-Mart bill in the amount of $1,702.85. (see attached Exhibit 1)

14.     Upon the Plaintiff's filing for Chapter 7 protection, the Bankruptcy Court notified Allied, along with the Plaintiff's other creditors, through the Bankruptcy Court Clerk.

15.     The 341(a) meeting of creditors was held in Knoxville, Tennessee on March 9, 2010.

16.     In direct disregard of the automatic stay, Allied sent a demand for payment letter addressed directly to Plaintiff seeking payment of $1,749.52 for the Wal-Mart bill on or about March 9, 2010. (see attached Exhibit 2)

3

17.     In response to Allied's March 9, 2010 demand letter, Plaintiff's attorney mailed to Allied a letter on March 30, 2010 reiterating that the automatic stay was in effect and asserting that Allied must cease all collection efforts against the Plaintiff.  This letter requested that all future communications be remitted to Plaintiff's attorney. (see attached Exhibit 3)

18.     In direct disregard of the automatic stay, Allied sent a second demand for payment letter addressed directly to Plaintiff seeking payment of $1,797.72 for the Wal-Mart bill on or about May 10, 2010. (see attached Exhibit 4).

19.     On May 17, 2010, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. (see attached Exhibit 5).  The Plaintiff asserts that this Discharge included the debt to Allied and/or GE Money Bank/Wal-Mart.  The Bankruptcy Court Clerk mailed notice of the discharge to all parties pursuant to its standard operating procedure.

20.     In direct disregard of the automatic stay and the discharge injuction, Allied sent a third demand for payment letter addressed directly to Plaintiff seeking payment of $1,819.15 for the Wal-Mart bill on or about June 10, 2010.  (see attached Exhibit 6).

21.     In response to Allied's May 10, 2010 and June 10, 2010 demand letters, Plaintiff's attorney mailed to Allied a second letter on June 21, 2011 reiterating that the automatic stay was in effect and asserting that Allied must cease all collection efforts against Plaintiff. (see attached Exhibit 7).

22.     Sometime after Allied's June 10, 2010 demand letter, and after the entry of Plaintiff's Chapter 7 discharge on May 17, 2010, Allied again attempted to collect on the debt which was included in and discharged through Plaintiff's Chapter 7 bankruptcy case by selling the debt to

4

ARS National Services, Inc. (see collection letter from ARS National Services, Inc. attached as Exhibit 8)

23.     Allied uses mail in its business.

24.     The primary purpose of Allied's business is the collection of debts.

25.     Allied regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

26.     Allied is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

27.     The actions of Allied, as alleged herein, are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.

28.     The actions of Allied as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 362 of Title 11 of the United States Code.

29.     The actions of Allied as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

30.     Plaintiff has complied with all conditions precedent to bring this action.

31.     Allied has failed to implement any effective policy to assure that its collection personnel comply with either the automatic stay or the discharge injunction.

32.     Allied has failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings.

33.     Allied has failed to implement any effective procedures to insure that no effort

5

will be made to contact consumer debtors who are represented by attorneys.

34.     Allied has failed to implement any system to properly identify bankruptcy accounts or to stop collection efforts against those accounts that have been included in a bankruptcy proceeding.

35.     The failure of Allied to correct the gross irregularities with their consumer credit collection systems is designed, upon information and belief, to prevent debtors from seeking redress through the courts due to their inability to afford and/or find competent legal counsel. Allied, by ignoring their obligations under the Bankruptcy Code and various Federal consumer protection statutes, have attempted to create for themselves a virtual immunity from civil liability by unlawfully collecting millions of dollars while paying only thousands of dollars for the very few causes where their illegal acts are subject to affirmative debtor enforcement cases. Allied has essentially granted to themselves a license to push the boundaries of responsible business practices beyond their furthest limits, fully aware that relatively few, if any, consumer debtors will be able to seek appropriate legal remedies. The Plaintiff therefore alleges that these grossly negligent and intentional acts of misconduct violate fundamental notions of fairness and are procedurally and substantively unconscionable.

36.     Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of Allied.

## CAUSES OF ACTION

## FIRST CLAIM - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

37.     The allegations of paragraphs 1-36 above are realleged and incorporated herein by

6

reference.

38.     The foregoing acts and omissions of Allied constitute violations of the Fair Debt Collection Practices Act.  Specifically, Allied violated 15 U.S.C. § 1692f(1) by sending its June 10, 2010 letter, whereby Allied is collecting or attempting to collect amounts not permitted by law.

39.     Plaintiff further asserts that Allied's attempts to collect a debt that was discharged in bankruptcy demonstrates Allied's use of unfair and unconscionable methods to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692f.

40.     As demonstrated by the collection letter from ARS National Services, Inc. (attached as Exhibit 8), Plaintiff is informed and believes that Allied sold, or otherwise transferred, Plaintiff's account after the discharge order had been entered by the bankruptcy court, thereby collecting on a debt that was discharged pursuant to federal law, once again violating 15 U.S.C. § 1692f(1).

41.     As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $1,000.00 and legal fees pursuant to 11 U.S.C. § 1692k.

## SECOND CLAIM – ADDITIONAL VIOLATION OF THE FDCPA

42.     The allegations in paragraphs 1-41 of this complaint are realleged and incorporated herein by this reference.

43.     The foregoing acts and omissions of Allied constitute violations of the Fair Debt Collection Practices Act.  Specifically, Allied violated 15 U.S.C. Section 1692c(a)(2) by contacting the Plaintiff when the Defendant knew the Plaintiff was represented by an attorney.

44.     Allied was notified by the bankruptcy court clerk that Plaintiff had filed bankruptcy and was represented by an attorney.

7

45.     Allied was again notified of Brackett & Strunk, PLLC's representation of Plaintiff through correspondence mailed to Allied by the Plaintiff's attorney on March 30, 2010 and June 21, 2010.

46.     Allied continued to communicate directly with Plaintiff after multiple notifications that Plaintiff was represented by counsel.

47.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

### THIRD CLAIM – ADDITIONAL VIOLATION OF THE FDCPA

48.     The allegations of paragraphs 1-47 above are realleged and incorporated herein by reference.

49.     The foregoing acts and omissions of Allied constitute violations of the Fair Debt Collection Practices Act

50.     Allied has, on multiple occasions, communicated with Plaintiff after his bankruptcy case was filed and after Allied had actual knowledge that the debt had been included in Plaintiff's bankruptcy case.  Therefore, Allied made false representations as to the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

51.     Allied used false, deceptive, or misleading representations in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(10).

52.     Allied's violations also include engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

8

53.     As a result of the above violations of the FDCPA, the Defendant is liable to the

Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

## FOURTH CLAIM – WILLFUL VIOLATION OF THE AUTOMATIC STAY

54.     The allegations of paragraphs 1-53 above are realleged and incorporated herein by

reference.

55.     Allied is a sophisticated creditor who actively participates in numerous

bankruptcy proceedings each month.  Therefore, Allied is certainly aware of the most basic

bankruptcy provisions, especially the automatic stay.

56.     Plaintiff has experienced a great amount of stress and considerable emotional

anguish due to Allied's continued collection efforts.

57.     Sanctions can be imposed by way of motion pursuant to *In re Timbs,* 178 B.R.

989, 994 (E.D. Tenn.  1994).

58.     The Bankruptcy Court discusses intent in relation to an automatic stay violation:

> A specific intent to violate the stay is not required, or even an awareness
> by the creditor that her conduct violates the stay.  It is sufficient that the
> creditor knows of the bankruptcy and engages in deliberate conduct that, it
> so happens, is a violation of the stay.  *Moreover, where there is actual
> notice of the bankruptcy it must be presumed that the violation was
> deliberate or intentional. Satisfying these requirements itself creates strict
> liability.  There is nothing more to prove except damages.*

*In re Davison*, 2008 WL 471678, at *5 (quoting *In re Printup*, 264 B.R. 169, 173(Bankr.

E.D. Tenn. 2003)) (quoting *In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997)

(emphasis added)).

59.     If the court has determined that a willful violation occurred, section 362(k)(1)

9

mandates that the debtor "shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, [a debtor] may recover punitive damages." 11 U.S.C. § 362(k)(1).

60.     Plaintiff asserts that Allied's attempts to collect on a debt after the filing of the bankruptcy petition and after notification of Plaintiff's bankruptcy filing by the bankruptcy court clerk is a clear and blatant violation of 11 U.S.C. §362(a)(6) and he hereby requests sanctions be imposed.

61.     Plaintiff asserts that Allied's continuation of collection attempts after notification of the automatic stay from the bankruptcy clerk and additional notification by Plaintiff's counsel are willful violations of the automatic stay pursuant to 11 U.S.C. §362(k)(1), and thus Plaintiff shall recover actual damages including costs and attorney fees. Plaintiff also requests that punitive damages be awarded in this case.

### FIFTH CLAIM – WILLFUL VIOLATION OF DISCHARGE INJUNCTION

62.     The allegations of paragraphs 1-61 above are realleged and incorporated herein by reference.

63.     The actions of Allied, in seeking to collect payment on a discharged debt, are in violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

64.     The conduct of Allied in this case has substantially frustrated the discharge order entered by the bankruptcy court and has caused Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

65.     In order to carry out the provisions of the Bankruptcy Code and to maintain its

integrity, this Court may impose actual damages, punitive damages and legal fees against Allied pursuant to the provisions of 11 U.S.C. § 105.

66.     As a result of Allied's violation of 11 U.S.C. § 524, Allied is liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury.   US Const. amend. 7. Fed.R.Civ.P. 38.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant, he respectfully prays of the Court as follows:

a)      That Plaintiff be awarded actual damages in an amount to be determined at trial by a jury pursuant to 15 U.S.C. §1692k(a)(1);

b)      That Plaintiff be awarded statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

c)      That Plaintiff be awarded the costs of litigation, including a reasonable attorney fee, pursuant to 15 U.S.C. §1692k(a)(3);

d)      That Allied be found to have violated the Automatic Stay and due to said violation it be required to pay damages to Plaintiff and to reimburse Plaintiff for reasonable expenses, including reasonable attorney fees for bringing this action before the Court;

e)       That Allied be found to have violated the Discharge Injunction and due to said

violation it be required to pay damages to Plaintiff and to reimburse Plaintiff for reasonable

expenses, including reasonable attorney fees for bringing this action before the Court;

f)       That the Court impose sanctions against Allied in the form of actual and punitive

damages in the amount of $10,000.00, or whatever other amount it feels is appropriate, pursuant

to 11 U.S.C. §362(k)(1) because of Allied's continued violation of Plaintiff's automatic stay

rights pursuant to 11 U.S.C. §362(a)(6);

g)       That the Court declare all defenses raised by Allied to be insufficient; and

h)       That the Plaintiff have such other and further relief as the Court may deem just

and proper.

Dated this the 9th day of May, 2011.


**/s/ Justin A. Brackett**
Justin A. Brackett, Esq. BPR # 024326
Brackett & Strunk, PLLC
Attorney for the Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN  37912
Phone (865)688-0868
Fax (865)688-2950
e-mail: consumerbk@comcast.net